UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JAMES E. BRABSON,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>TROY HERSHBERGER, et al.,<br><br>　　　　Defendants. | CAUSE NO. 1:23-CV-78-HAB-SLC |

OPINION AND ORDER

James E. Brabson, a prisoner proceeding without a lawyer, was ordered to show cause why the initial partial filing fee has not been paid. He responded by filing another motion for leave to proceed in forma pauperis. (ECF 13.) This motion is unnecessary, because the court has already granted him leave to proceed in forma pauperis in this case. (*See* ECF 3.). However, upon review of the ledgers attached to the motion, the court will proceed to screen the case under 28 U.S.C. § 1915A. Mr. Brabson is reminded that he remains obligated to pay the full filing fee over time in accordance with 28 U.S.C. § 1915(b)(2).

As required by 28 U.S.C. § 1915A, the court must screen the amended complaint (ECF 5) and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when

the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Brabson is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Brabson is a pretrial detainee at the Allen County Jail. He claims that on February 2, 2023, he observed Correctional Officer Beaver (first name unknown) chewing tobacco while passing out breakfast trays. Mr. Brabson got into a "verbal dispute" with the officer, apparently about his use of the chewing tobacco, during which "particles of the tobacco flung from his mouth and hit [Mr. Brabson] in the face." (ECF 5 at 2.) Based on this incident, he seeks monetary damages from Officer Beaver and Jail Warden Troy Hershberger for "unhealthy conditions, violations of Health Code, [and] emotional damage due to his bodily waste." (*Id.* at 3.)

Because Mr. Brabson is a pretrial detainee, his rights arise under the Fourteenth Amendment. *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018) (citing *Kingsley v. Hendrickson*, 576 U.S. 389 (2015)). "Pre-trial detainees cannot enjoy the full range of freedoms of unincarcerated persons." *Tucker v. Randall*, 948 F.2d 388, 390–91 (7th Cir. 1991) (citation omitted). However, the "Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that amount to punishment." *Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856 (7th Cir. 2017). "A pretrial condition can amount to punishment in two ways: first, if it is imposed for the purpose of punishment, or second, if the condition is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of

the government action is punishment." *Id.* "[N]egligent conduct does not offend the Due Process Clause," and thus allegations of negligence, even gross negligence, do not state a Fourteenth Amendment claim. *Miranda*, 900 F.3d at 353.

As Mr. Brabson describes this incident, Officer Beaver was being unprofessional, or perhaps violating local health codes, by chewing tobacco while handing out food trays. Some of the tobacco allegedly "flung from his mouth" as the two were arguing. At most, the circumstances suggest carelessness or negligence by Officer Beaver, which does not amount to a Fourteenth Amendment violation. *Miranda*, 900 F.3d at 353. To the extent he is claiming Officer Beaver failed to follow local health codes or jail sanitary guidelines, this does not state a claim for relief under 42 U.S.C. § 1983. *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) ("42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or . . . departmental regulations").

He also names Warden Hershberger as a defendant but does not mention him in the narrative section of the complaint. It appears he is trying to hold Warden Hershberger liable because he is Officer Beaver's supervisor, but there is no general *respondeat superior* liability under 42 U.S.C. § 1983. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Supervisory correctional staff can be held liable for a constitutional violation only if they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019). As outlined above, Mr. Brabson has not plausibly alleged that Officer Beaver committed a constitutional violation. Even if he had, there is insufficient factual content from which the court could plausibly infer that

3

Warden Hershberger knew about the conduct and condoned, facilitated, or approved of it.

Therefore, he has not stated a plausible constitutional claim against any defendant. In the interest of justice, the court will allow him an opportunity to file an amended complaint if, after reviewing the court's order, he believes that he can state a plausible constitutional claim based on this incident, consistent with the allegations he has already made under penalty of perjury.[1] *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1024 (7th Cir. 2013).

For these reasons, the court:

(1) DENIES as unnecessary the plaintiff's motion for leave to proceed in forma pauperis (ECF 13);

(2) GRANTS the plaintiff until **August 10, 2023**, to file an amended complaint; and

(3) CAUTIONS him that if he does not respond by the deadline, this case is subject to dismissal under 28 U.S.C. § 1915A because the current complaint does not state a claim upon which relief can be granted.

SO ORDERED on July 10, 2023.

                                                    s/Holly A. Brady
                                                    JUDGE HOLLY A. BRADY
                                                    UNITED STATES DISTRICT COURT

---

[1] Mr. Brabson already amended his complaint once because his original complaint contained unrelated claims and had to be stricken. (ECF 4.) In fairness, the court will give him one additional opportunity to amend now that his claims have been analyzed in detail.