UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JAMES E. BRABSON III, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:23-CV-78-HAB-SLC |
| C.O. Beaver, | |
| Defendant. | |

OPINION AND ORDER

James E. Brabson III, a prisoner proceeding without a lawyer, filed a second amended complaint. (ECF 15.) The court determined that his first amended complaint was subject to dismissal under 28 U.S.C. § 1915A, but afforded him an opportunity to amend before dismissing the case.[1] He responded with the present filing.

As required by 28 U.S.C. § 1915A, the court must screen his pleading and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because he is proceeding

---

[1] He was given a prior opportunity to amend because his original complaint asserted unrelated claims against unrelated defendants. (ECF 4.)

without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Brabson's second amended complaint is nearly identical to his first amended complaint. He claims that on February 2, 2023, while he was a pretrial detainee at the Allen County Jail, he observed Correctional Officer Beaver (first name unknown) chewing tobacco while passing out breakfast trays. Mr. Brabson got into a "verbal dispute face to face" with the officer, during which—in his words—"particles of the tobacco flung from his mouth and hit me in the face." (ECF 15 at 2.) He alleges that this "careless act of negligence" by Officer Beaver "resulted in battery by bodily fluids." (*Id.*)

Because Mr. Brabson was a pretrial detainee when this occurred, his rights arise under the Fourteenth Amendment. *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). The "Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that amount to punishment." *Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856 (7th Cir. 2017). "A pretrial condition can amount to punishment in two ways: first, if it is imposed for the purpose of punishment, or second, if the condition is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the government action is punishment." *Id.* "[N]egligent conduct does not offend the Due Process Clause," and thus allegations of negligence, even gross negligence, do not state a Fourteenth Amendment claim. *Miranda*, 900 F.3d at 353.

As Mr. Brabson describes this incident, Officer Beaver was being careless by chewing tobacco while handing out food trays. At most, the circumstances suggest

2

negligence by Officer Beaver, which does not amount to a Fourteenth Amendment violation. *Miranda*, 900 F.3d at 353. If he is claiming Officer Beaver violated jail rules during this incident, this does not state a claim for relief under 42 U.S.C. § 1983. *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) ("42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or . . . departmental regulations").

"Leave to amend is to be 'freely given when justice so requires.'" *Liu v. T&H Machine*, 191 F.3d 790, 794 (7th Cir. 1999) (citations omitted); *see also Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1024-25 (7th Cir. 2013). However, "that does not mean it must always be given." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). "[C]ourts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Id.* (citation omitted). Mr. Brabson has already amended his complaint twice, and the court finds no basis to conclude that if given another opportunity, he could assert a plausible federal claim against Officer Beaver for the reasons outlined above.

For these reasons, this action is DISMISSED under 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted. The clerk is DIRECTED to close this case.

SO ORDERED on August 14, 2023.

                                                s/Holly A. Brady
                                                CHIEF JUDGE
                                                UNITED STATES DISTRICT COURT